DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
KATHERINE ESPINALES, individually, and
on behalf of others similarly situated,

                *Plaintiffs*,

-against-

PROPER HOSPITALITY SOLUTIONS, LLC,
and IMCMV HOLDINGS, INC.

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Katherine Espinales ("Plaintiff Espinales" or "Ms. Espinales") individually and on behalf of others similarly situated, by and through her attorney DANIEL TANNENBAUM, ESQ., and as against PROPER HOSPITALITY SOLUTIONS, LLC, AND IMCMV HOLDINGS, INC., ("Defendant Corporations") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a former employee of Defendants PROPER HOSPITALITY SOLUTIONS, LLC, AND IMCMV HOLDINGS, INC.

2. Defendants PROPER HOSPITALITY SOLUTIONS, LLC, AND IMCMV HOLDINGS, INC., own, operate, or control a restaurant located at 560 Seventh Ave., New York NY 10018 operating under the name Margaritaville Restaurant and Tiki Bar .

3. Plaintiff Espinales was an employee of Defendants.

4. Plaintiff Espinales was primarily employed as a server in New York, NY.

5. At times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for the hours worked.

6. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

7. Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wage, and unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146 et seq. including applicable liquidated damages, interest, attorneys' fees and costs.

8. Plaintiff brings this action as a Rule 23 class action and seek certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a facility located in this district. Further, Plaintiff was employed by Defendants in this district.

11. Plaintiff now brings this action for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law

§190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiffs*

12. Plaintiff Espinales is an adult individual residing in Kings County, New York.

13. Plaintiff Espinales was employed by Defendants PROPER HOSPITALITY SOLUTIONS, LLC, AND IMCMV HOLDINGS, INC., from approximately November 2023 until on or about July, 2024.

14. Plaintiff Espinales's primary work location was at 560 Seventh Ave., New York NY 10018.

15. Defendant PROPER HOSPITALITY SOLUTIONS, LLC has a New York office at 225 West 29th St., 11th Floor, New York NY 10018.

16. Defendant IMCMV HOLDINGS, INC. has a Florida office at 4901 Vineland Road, Suite 600, Orlando, FL 32811.

17. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control a restaurant located at 560 Seventh Ave., New York NY 10018.

19. Upon information and belief, PROPER HOSPITALITY SOLUTIONS, LLC, is a domestic corporations existing under the laws of the State of New York.

20. Upon information and belief, IMCMV HOLDINGS, INC. is a foreign corporation existing under the laws of the State of Florida.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21.     Defendants operate a restaurant operating in New York State.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Defendants jointly employed Plaintiff, and are Plaintiff's employer within the meaning of 29 U.S.C. 201 *et seq.*, and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff.

25.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, and the New York Labor Law.

26.     . Defendants had the power to hire and fire Plaintiff controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for Plaintiff's services.

27.     Upon information and belief, in each year from 2018 to 2024, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, upon information and belief numerous items that were used in the facilities on a daily basis are goods produced outside of the State of New York.

*Plaintiff Katherine Espinales*

29.     Plaintiff Espinales was employed by Defendants from approximately November 2023 until on or about July 2024.

30.     Defendants employed Plaintiff Espinales primarily as a server.

4

31. Plaintiff Espinales regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

32. From approximately November 2023 until on or about July, 2024, Plaintiff Espinales's schedule was approximately Wednesday through Sunday 4:00pm or 6:00pm to 1:00am.

33. Throughout her employment, Defendants paid Plaintiff Espinales her wages by direct deposit.

34. Defendants did not provide Plaintiff Espinales an accurate statement of wages, as required by NYLL 195(3).

35. Defendants did not give notice to Plaintiff Espinales in English, of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

36. Defendants paid Ms. Espinales below the NYS minimum wage rate at the rate of thirteen dollars per hour.

37. Throughout Ms. Espinales's employment, Defendants purportedly applied a tip credit towards the minimum wage paid to her for work performed as a server.

38. Defendants failed to properly notify Espinales in writing of the tip credit provisions of the FLSA and NYLL.

39. Defendants regularly required Plaintiff to work greater than twenty percent of her workweek, doing non-tipped work such as bussing and food running and tasks related to closing down the restaurant such as cleaning tables, stacking chairs, and cleaning side stations.

40. Defendants regularly required Plaintiff to work greater than thirty continuous minutes of her shift doing non-tipped work such as closing down the restaurant.

41. As a result of the above, Defendants do not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Espinales, and Defendants have failed to compensate her at the proper minimum and overtime wage rate.

42. At all times relevant, Espinales was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek and time and one-half the full minimum wage rate for all hours worked beyond 40 per workweek.

43. Defendants paid Ms. Espinales at the overtime rate of $19.50 per hour.

44. Defendants did not pay Ms. Espinales for overtime hours worked at time-and-one-half the minimum wage rate.

45. Defendants did not pay Ms. Espinales for overtime hours worked at time-and-one-half the minimum wage rate, less any purported tip credit.

46. Defendants did not pay uniform maintenance pay to Plaintiff Espinales.

47. Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms, or inform her individually in writing of such service.

48. Defendants regularly required Plaintiff to work private events (approximately three time weekly)

49. Upon information and belief service fees were charged for private events.

50. Defendants retained and did not distribute paid service fees to tipped employees as required by the NYLL.

*Defendants' General Employment Practices*

51. At times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages owed for the hours worked.

53. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff (and all similarly situated employees).

54. Defendants failed to provide Plaintiff with accurate wage statements at the time of her payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

55. Plaintiff brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

56. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

57. The claims of Plaintiff stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

58. Plaintiff sues on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

59. Plaintiff brings her New York Labor Law minimum wage, overtime, uniform maintenance pay, gratuity and /or service fee pay, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period").

60. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

61. There are questions of law and fact common to the Class including but not limited to, the following:

- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;
- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of minimum wage pay for all hours worked;
- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime pay for all hours worked;
- Whether Defendants have failed and/or refused to pay Plaintiff minimum wage within the meaning of the New York Labor Law;
- Whether Defendants have failed and/or refused to pay Plaintiff overtime at the premium rate within the meaning of the New York Labor Law;
- Whether Defendants have failed and/or refused to pay Plaintiff uniform maintenance pay within the meaning of the New York Labor Law;

- Whether Defendants have withheld and/or refused to pay gratuities and/or service fees within the meaning of the New York Labor Law;

- At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

- What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid the proper minimum wage and overtime rates.

62. The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of premium pay, and non-payment of uniform maintenance pay. The job duties of the named Plaintiff are typical of those of the class members.

63. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorney(s) who is/are experienced and competent in both class action litigation and employment litigation.

64. The common questions of law and fact predominate over questions affecting only individual members.

65. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

66. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole to pay Plaintiff (and the FLSA and Rule 23 Class members) at the applicable overtime rates in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 Class members) at the applicable minimum wage and overtime rates is willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff (and the FLSA and Rule 23 Class members) has been damaged in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class Members), controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for her employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff (and the FLSA Class members) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76. Plaintiff (and the New York class) repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff (and the New York class) less than the minimum wage.

79. Defendants' failure to pay Plaintiff (and the New York class) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff (and the New York class) was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class Members), controlled the terms and conditions of

employment, and determined the rate and method of any compensation in exchange for her employment.

83. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203 (r-s).

85. Defendants, in violation of the Fair Labor Standards Act. 29 U.S.C. § 203 *et seq*., failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of the Fair Labor Standards Act.

87. Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

88. Plaintiff (and the New York class) repeats and realleges all paragraphs above as though fully set forth herein.

89. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law § 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

90. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiff (and the New York class) repeats and reallege all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiff (and the New York class) with a written notice, in English (or Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants' failure to provide Plaintiff (and the New York class) with an accurate written notice resulted in Plaintiff's working without knowledge of her correct minimum wage and overtime rate.

96. Because Plaintiff (and the New York class) did not receive required information in the form of a notice containing her correct minimum wage and overtime rates, Defendants were able to pay her (and the New York class) without the proper minimum wage or overtime premiums.

97. Plaintiff did not know the proper minimum wage, or the proper overtime rate. Accordingly, she lost out on the ability to advocate for and be paid according to the law's requirements.

98. Defendants are liable to Plaintiff (and the New York class) in the amount of $5,000 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff (and the New York class) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants' failure to provide Plaintiff (and the New York class) with proper wage statements resulted in Plaintiff working without knowledge of her correct minimum wage, or overtime rates or amount earned in gratuities or service charges.

102. Because Plaintiff (and the New York class) did not receive required information in the wage statements containing her correct minimum wage, overtime rates or amount earned in gratuities or service charges, Defendants were able to pay her (and the New York class)

without proper minimum wage, or overtime premiums or the proper amount earned in gratuities or service charges.

103. Plaintiff did not know the proper minimum wage, or the proper overtime rate or accrued gratuities or service charges. Accordingly, she lost out on the ability to advocate for and be paid according to the law's requirements.

104. Defendants are liable to Plaintiff (and the New York class) in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE UNIFORM MAINTENANCE WAGE ORDERS

## OF THE NEW YORK COMMISSIONER OF LABOR

105. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

106. Defendants failed to pay Plaintiff (and the New York class) uniform maintenance pay in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.7.

107. Defendants required Plaintiff (and the New York class) to wear a uniform at work.

108. Defendants did not launder Plaintiff's (or the New York class) required uniform, nor did Defendant offer to launder them.

109. Plaintiff's (and the New York class) uniform was issued by Defendants for the express benefit of Defendants and it was a condition of her employment to wear during each shift.

110. Defendants did not ensure Plaintiff (or the New York class) the availability of an adequate supply of clean, properly-fitting uniforms.

111. Defendants never paid Plaintiff (or the New York class) uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

112. Plaintiff (and the New York class) was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIP MISAPPROPRIATION

## PROVISIONS OF THE NEW YORK STATE LABOR LAW

113. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

114. Defendants unlawfully accepted or retained, directly or indirectly, part of the gratuities and/or service charges received by Plaintiff (and the New York class) in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

115. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiff (and the New York class) Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

116. Due to Defendants' willful violations of the NYLL, Plaintiff (and the New York class) is entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

117. Plaintiff (and the New York class) was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Designating this action as a class action of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and designating counsel of record as Class Counsel;

(c) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(a) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

(b) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(c) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(d) Declaring that Defendants violated the minimum wage, overtime wage, uniform maintenance pay, and gratuity and/or service charge pay provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the New York class;

(e) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff and the New York class compensation, hours, wages and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff and the New York class;

(g) Awarding Plaintiff and the New York class damages for the amount of unpaid minimum wage, overtime compensation, uniform maintenance pay, and gratuity and/or service charge pay under the NYLL as applicable;

(h) Awarding Plaintiff and the New York class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b), 198(1-d);

(i) Awarding Plaintiff and the New York class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(j) Awarding Plaintiff and the FLSA, and NYLL, class members pre-judgment and post-judgment interest as applicable;

(k) Awarding Plaintiff and the FLSA and NYLL class members the expenses incurred in this action, including costs and attorneys' fees;

(l) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

**(m)** All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 13, 2024

By: /s Daniel Tannenbaum
DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

September 11, 2024

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Katherine Espinales

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:          *[signature]*

Date / Fecha:               September 11, 2024

20